## THOMPSON *v*. THOMPSON.

1. DIVORCE—EXTREME CRUELTY—PROOFS—SUFFICIENCY.

In a suit by a wife for a divorce on the grounds of extreme cruelty a decree in her favor *held*, justified by the proofs.

2. SAME—ALIMONY.

An award to a wife, as permanent alimony, on granting her a decree of divorce, of a house and lot owned by the parties by the entireties, and the furniture therein, of the value of $8,450, and the sum of $5,050, where the record shows that they together owned property of the value of nearly $30,000, that she owned some property at the time they were married, and that she aided in the accumulation of what they now have, is not disturbed, on appeal; no reason therefor being shown.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted January 7, 1927.    (Docket No. 51.)    Decided April 1, 1927.

Bill by Mattie Thompson against Raymond R.

---

¹Divorce, 19 C. J. § 367; ²Id., 19 C. J. §§ 610, 612.

Thompson for a divorce.    From a decree for plaintiff, defendant appeals.    Affirmed.

*W. W. Holmes* and *David Anderson,* for plaintiff.

*Roy Herald,* for defendant.

SHARPE, C. J.    The plaintiff and defendant were married in 1898, and lived together until March 13, 1925, when plaintiff left their home in Detroit, and has since resided with their son and only child, in South Haven.    In her bill of complaint for divorce she charges extreme cruelty.    There are several averments of personal violence.    The trial court found that the charges were sustained by the proofs.    He awarded the plaintiff as permanent alimony a house and lot, owned by them by the entireties, in Detroit, and the furniture in the house, of the value of $8,450, and the sum of $5,050, to be paid her by defendant within 60 days from the date of the decree.    Defendant appeals.

. He insists that no sufficient cause for divorce was proven.    The record satisfies us that the proofs justified the finding of the trial court.    They together owned property of the value of nearly $30,000, consisting of the house and lot above referred to and certain contracts for real estate in Pontiac and South Haven, which appear to be worth their face value.    Certain stocks of uncertain value are to be divided equally between them.    The plaintiff owned some property at the time of their marriage and aided in the accumulation of what they now have.    We find no reason for disturbing the allowance made to her.

The decree is affirmed, with costs to appellee.

SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.    BIRD, J., did not sit.